1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT

11                     EASTERN DISTRICT OF CALIFORNIA

12
   ADRIAN JOHNSON,                    )    1:06-CV-00131 OWW LJO HC
13                                     )
               Petitioner,            )
14                                     )    FINDINGS AND RECOMMENDATION
        v.                            )    REGARDING RESPONDENT'S MOTION
15                                     )    TO DISMISS
                                       )
16   SCOTT KERNAN, Warden,             )    [Doc. #10]
                                       )
17               Respondent.           )
   _____)
18

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21                                **BACKGROUND**

22        Petitioner is currently in the custody of the California Department of Corrections pursuant

23   to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury

24   trial on November 2, 1999, of two counts of battery resulting in serious injury in violation of Cal.

25   Penal Code § 243(d), and two counts of battery on an emergency medical technician in violation of

26   Cal. Penal Code § 243(c). See Exhibit 1, Respondent's Answer to the Petition (hereinafter

27   "Answer"). The great bodily injury enhancements were found to be true as were Petitioner's prior

28   conviction allegations. Id. On December 10, 1999, Petitioner was sentenced to serve a total

1    indeterminate term of 25 years to life with possibility of parole. Id.

2         Petitioner appealed the conviction to the California Court of Appeal, Fifth Appellate District

3    (hereinafter "5th DCA"). On January 9, 2002, the appellate court affirmed the judgment in an

4    unpublished opinion. See Exhibit 4, Answer. On February 19, 2002, Petitioner filed a petition for

5    review in the California Supreme Court; it was summarily denied on March 27, 2002. See Exhibit 5,

6    Answer.

7         Petitioner then filed six post-conviction collateral challenges, all petitions for writ of habeas

8    corpus, in the state courts, as follows:

9         1.   February 18, 2003 – Petition filed in Fresno County Superior Court;
               March 25, 2003 – Petition denied. See Exhibits F & H, Petitioner's Opposition
10             (hereinafter "Opposition").

11        2.   April 23, 2003 – Petition filed in 5th DCA;
               September 11, 2003 – Petition denied. See Exhibit 6, Answer.
12
13        3.   October 27, 2003 – Petition filed in Fresno County Superior Court;
               November 20, 2003 – Petition denied. See Exhibit 7, Answer.

14        4.   December 17, 2003 – Petition filed in California Supreme Court;
               October 27, 2004 – Petition denied. See Exhibit 8, Answer.
15
16        5.   January 27, 2005 – Petition filed in Fresno County Superior Court;
               February 2, 2005 – Petition denied. See Exhibit 9, Answer.

17        6.   February 28, 2005 – Petition filed in California Supreme Court;
               January 18, 2006 – Petition denied. See Exhibit 10, Answer.
18
19        On February 6, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. On

20   April 10, 2006, Respondent filed a motion to dismiss the petition as being filed outside the one-year

21   limitations period prescribed by 28 U.S.C. § 2244(d)(1). On April 24, 2006, Petitioner filed an

22   opposition to Respondent's motion to dismiss.

                                    **DISCUSSION**
23
     A.  Procedural Grounds for Motion to Dismiss
24
25        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

     entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
27
28        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

586 (1997).

    In this case, the petition was filed on February 6, 2006, and therefore, it is subject to the

provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended,

§ 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;

1

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

6

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

7

28 U.S.C. § 2244(d).

8

In most cases, the limitations period begins running on the date that the petitioner's direct

9

review became final.  In this case, the petition for review was denied by the California Supreme

10

Court on March 27, 2002. Thus, direct review concluded on June 25, 2002, when the ninety (90) day

11

period for seeking review in the United States Supreme Court expired. <u>Barefoot v. Estelle</u>, 463 U.S.

12

880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d

13

345, 347 (8th Cir.1998).  Petitioner had one year until June 26, 2003, absent applicable tolling, in

14

which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the

15

instant petition until February 6, 2006, over two and one-half years beyond the due date.  Absent any

16

applicable tolling, the instant petition is barred by the statute of limitations.

17

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

18

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

19

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

20

pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

21

<u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is

22

properly pursuing post-conviction relief, and the period is tolled during the intervals between one

23

state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

24

state court system. 536 U.S. 214, 215, 219-221 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006

25

(9th Cir. 1999), <i>cert. denied,</i> 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the

26

one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-

27

conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v.</u>

28

<u>DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Chavis v. Evans</u>, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims

1  denied as untimely or determined by the federal courts to have been untimely in state court will not

2  satisfy the requirements for statutory tolling. Id.

3      In this case, the statute of limitations began to run on June 26, 2002. Petitioner's first state

4  habeas petition was filed in the Fresno County Superior Court on February 18, 2003. At that point,

5  237 days of the limitations period had expired. Under § 2244(d)(2), Petitioner is entitled to tolling

6  for the time this petition was pending until it was denied on March 25, 2003. Petitioner filed his next

7  state habeas petition in the 5th DCA on April 23, 2003. Petitioner is entitled to tolling for the interval

8  between the denial of his first habeas petition and the filing in the 5th DCA because he did not

9  unreasonably delay and because he was proceeding to the next appellate level. Saffold, 536 U.S. at

10  219-221; Chavis, 126 S.Ct. at 852. He is also entitled to tolling for the time the petition was pending

11  until it was denied on September 11, 2003.

12      Petitioner next filed a habeas petition in the Fresno County Superior Court on October 27,

13  2003. Because he was not proceeding to the next appellate level, he is not entitled to interval tolling

14  as no petition was "pending" during that time. Saffold, 536 U.S. at 219-221; Chavis, 126 S.Ct. at

15  849. Thus, the limitations period ran during this interval for 46 days. Thus, a total of 283 days of the

16  limitations period had expired at that point. Petitioner is entitled to tolling for the time the habeas

17  petition was pending in the Fresno County Superior Court until the petition was denied on November

18  20, 2003.

19      Petitioner's next habeas petition was filed with the California Supreme Court on December

20  17, 2003. Because he was proceeding to a higher appellate level and he did not unreasonably delay,

21  he is entitled to interval tolling. He is also entitled to tolling for the time the petition was pending in

22  the California Supreme Court until October 27, 2004.[1]

23      Petitioner filed his next petition in the Fresno County Superior Court on January 27, 2005. As

24  Petitioner was not proceeding to the next higher level, he is not entitled to interval tolling. With 82

25  days left in the limitations period (283 subtracts from 365), the statute of limitations expired on

26  January 17, 2005. The habeas petition in the Fresno County Superior Court was filed after the

27  _____

28      [1]Under California Rules of Court § 29.4(b)(2), a ruling by the California Supreme Court on a habeas petition is final on the date of filing.

1    expiration of the limitations period; therefore, there were no tolling consequences. Green v. White,

2    223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period

3    has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002

4    WL 1346354 (N.D.Cal.2002).

5        Petitioner filed his final state habeas petition in the California Supreme Court on February

6    28, 2005. It was denied on January 18, 2006, with citations to In re Clark, 5 Cal.4th 750 (1993) and

7    In re Robbins, 18 Cal.4th 770, 780 (1998). These citations refer to the petition's untimeliness. Under

8    Pace and Chavis, Petitioner is not entitled to any statutory tolling for the time the untimely petition

9    was pending. Also, Petitioner is not entitled to tolling because the limitations period had already run.

10       Accordingly, the instant federal habeas petition was filed over a year after the statute of

11   limitations had expired.

12   D.  Equitable Tolling

13       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

14   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

15   way."[2] Pace, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96

16   (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain

17   v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears

18   the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan,

19   297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

20       Assuming it is available, Petitioner is not entitled to equitable tolling because he fails to

21   demonstrate any extraordinary circumstance which would have prevented him from timely

22   complying with the statute of limitations. In his opposition, Petitioner argues that he should be

23   exempted from having to comply with the limitations period because he suffers from a disability that

24   causes him to "hear voices." Petitioner alleges he can communicate verbally, but when he reads, he

25   begins to hear voices. He states he was prescribed anti-psychotic drugs for his condition. He also

26   _____

27       [2]The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available
     under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of
28   argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125
     S.Ct. at 1814 n. 8.

1  asserts that he was ignorant of the limitations period, and he places the blame on his failure to

2  comply on the legal assistance provided by a fellow inmate. He further argues he was not provided

3  any legal assistance by the prison itself.

4        To begin with, ignorance of the law is not an extraordinary circumstance sufficient to justify

5  equitable tolling.  See, e.g., Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89

6  (9th Cir.1997), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163

7  F.3d 530 (9th Cir.1998) (en banc); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909

8  (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient

9  to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) ("it is well established

10  that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt

11  filing."); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Warren v. Lewis, 365 F.3d 529, 532 (6th

12  Cir.2004), quoting Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991) ("[i]t is well-settled that

13  ignorance of the law alone is not sufficient to warrant equitable tolling."). Likewise, Petitioner's

14  reliance on a fellow inmate and the prison's failure to provide Petitioner with legal assistance are not

15  sufficient, because prisoners in California are not entitled to legal assistance in collateral proceedings

16  as a matter of right.

17        Finally, Petitioner has not shown how his alleged medical disability constitutes an

18  extraordinary circumstance. He alleges he "hears voices" and has difficulty reading, yet despite this

19  alleged disability, Petitioner managed to file six state habeas petitions for a total of three rounds of

20  collateral review since 2000, when he alleges he began suffering from this condition. It is

21  inexplicable why the Court should consider the condition an "extraordinary circumstance [which]

22  stood in his way" when it certainly did not prevent him from seeking relief in the state courts. Pace,

23  125 S.Ct. at 1814.

24        Accordingly, Petitioner should not be granted equitable tolling.

25                          **RECOMMENDATION**

26        Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss for

27  violating the statute of limitations be GRANTED and the petition for writ of habeas corpus be

28  DISMISSED with prejudice.

1    This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

2 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

3 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

4 California.

5    Within thirty (30) days after being served with a copy, any party may file written objections

6 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

7 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

8 filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The

9 Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

10 parties are advised that failure to file objections within the specified time may waive the right to

11 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:    June 1, 2006**          _____/s/ Lawrence J. O'Neill_____
   b9ed48                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28